PEOPLE *v.* ALLEN.

1. ARREST—WITHOUT WARRANT—SUFFICIENCY OF INFORMATION OF OFFICER TO WARRANT ARREST.

Where officers had information that a certain make of automobile, bearing a given license number, was coming from a certain city with a load of intoxicating liquors, and, on locating the car and asking the driver what he

[1]Arrest, 5 C. J. §§ 46, 74; 44 A. L. R. 149; 2 R. C. L. 450; 1 R. C. L. Supp. 543; 4 R. C. L. Supp. 111; 5 R. C. L. Supp. 98; 6 R. C. L. Supp. 95.

had, he replied that he had some beer for a little party and raised the cover of a compartment back of the seat disclosing several bottles, the officers were justified in arresting him and searching the car.

2. CRIMINAL LAW—JURISDICTION OF POLICE JUDGE IN ABSENCE OF JUSTICE—FAILURE OF COMPLAINT AND WARRANT TO RECITE DISABILITY OF JUSTICE.

Failure of a complaint and warrant, issued by a city police judge in a case where the offense was committed outside of the city, to recite the disability of the justice of the peace, did not divest him of jurisdiction to act at the preliminary examination, conferred by section 13, tit. 7, Act No. 399, Local Acts 1905, in the absence or inability of the justice, where an amended return showed that the police judge was acting justice of the peace owing to the absence, inability, and disability of the justice, and an affidavit of the clerk of the court was filed reciting that the justice had absented himself from his duties prior to defendant's arrest, and because thereof the police judge had been performing the duties of the justice, and did so in the instant case. BIRD, J., dissenting.

Exceptions before judgment from Jackson; Parkinson (James A.), J. Submitted June 16, 1927. (Docket No. 105.) Decided October 3, 1927.

Harry Allen was convicted of violating the liquor law. Affirmed.

*George A. Henigan,* for appellant.

*William W. Potter,* Attorney General, *Harry E. Barnard,* Prosecuting Attorney, and *Harry D. Boardman,* Assistant Prosecuting Attorney, for the people.

SNOW, J. Defendant reviews on exceptions before sentence his conviction of unlawfully having intoxicating liquor in his possession. He claims it should be reversed and he be discharged, for two reasons:

1. Because the court erred in denying a motion to suppress the evidence and quash the information.

---

[2]Criminal Law, 16 C. J. § 570.

Defendant was arrested without a warrant by sheriff's deputies while driving a Dodge coupé containing 456 pints of beer, 11 quarts of whisky, and 11 quarts of gin. The deputies had previous information that a Dodge coupé bearing a given license number was coming west from Detroit with a load of liquor. With this knowledge they located the car. It was being driven by defendant at a speed of about 45 miles per hour. He was asked what he had, and he replied he had some beer for a little party, and, raising a little compartment back of the seat, disclosed several bottles. No one searched the car there. He was then taken to the county jail where the car was searched and all the liquor found. Complaint against him was made, and his final conviction followed.

Defendant insists his arrest under these circumstances was illegal, and that his motion to suppress the evidence thus obtained should have been granted. He relies upon *People* v. *Kamhout,* 227 Mich. 172, 188, which states the rule as follows:

"What we do state to be the rule by which this court will be governed is, that if an officer, charged with the enforcement of the law, from the exercise of his own senses, or acting upon information received from sources apparently so reliable that a prudent and careful person, having due regard for the rights of others, would act thereon, has reasonable and probable cause to believe that intoxicating liquor is being unlawfully transported in an automobile in his presence, he may arrest the offender or search for and, if found, seize the contraband therein without a warrant to do so."

The people also rely principally upon this authority. Applying it to the instant case, we think that facts sufficient to warrant search and arrest were here present, and that the court was right in denying defendant's motion.

2. Because the police judge of the city of Jackson, before whom the preliminary examination was held,

had no right to act without affirmatively showing the absence, inability, or disability of the justice of the peace of that city.    The charter of the city of Jackson adopts section 13, tit. 7, Act No. 399, Local Acts 1905, as follows:

"In the absence, inability, or disability of the justice of the peace provided for by this act, to perform the duties of his office, such police judge shall perform said duties, and while so acting in the place of such justice of the peace shall exercise all the powers and duties conferred by law upon justices of the peace."

Excepting for this law, the police judge would be without jurisdiction where the offense was committed outside the city of Jackson, as was the one here being considered.    We do not understand counsel to contend the law for any reason invalid, or to deny the jurisdiction of the police judge in the absence of the justice or his inability to act.    His claim as set forth in the brief is:

"This was an unusual situation, and because of the unusual aspect of the situation, if it affirmatively appeared that the justice of the peace was absent, inabled, or disabled, the police judge would have the right to act in his place."

His complaint, therefore, seems to be that the disability of the justice of the peace must be recited somewhere in the proceedings.

The complaint does recite that it is "taken and made before Owen Dudley, acting justice of the peace of the city of Jackson."    It was signed by Mr. Dudley as "acting justice of the peace," as was also the warrant.    An amended return was signed "Owen Dudley, acting justice of the peace, owing to the absence, inability, and disability of the justice of the peace, George E. Bailey, to perform the duties of his office." There was also caused to be filed in the circuit court an affidavit of the clerk of the justice and police court, reciting the fact that Justice Bailey had absented

himself from his duties prior to defendant's arrest, and that because thereof Police Judge Dudley had been performing his duties, and that he did so in the instant case. These references to the situation fully meet defendant's objection, and while the disability of the justice might also properly have been recited in the complaint and warrant, failure to do so did not divest the police judge of the jurisdiction which he concededly had.

The conviction is affirmed.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred with SNOW, J.

BIRD, J. (*dissenting*). I am not in accord with the foregoing, for reasons set out in *People* v. *Broas, post*, 495.